IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES FOR THE IBEW, LOCAL NO. 1 HEALTH AND WELFARE FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:14-cv-00455-JCH |
| GREENPOWER SERVICES, LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil. (ECF No. 20.)

## PROCEDURAL HISTORY

Plaintiffs are trustees and fiduciaries of various employee-benefit plans and funds. Defendant Greenpower Services, LLC ("Greenpower Services") is a Missouri limited liability company that, prior to ceasing business operations, performed residential and commercial electrical work. On March 12, 2014, Plaintiffs filed suit against Greenpower Services, seeking to collect unpaid and delinquent benefit contributions, liquidated damages, interest, attorney's fees, and costs owed to Plaintiffs under the collective bargaining agreements and under the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. (Compl., ECF No. 1.) The parties entered into a Settlement Agreement, and on May 14, 2014, this Court entered a Consent Judgment in favor of Plaintiffs and against Greenpower Services in the total

1

amount of $43,057.93. (ECF Nos. 11-12.) Greenpower Services failed to make the initial June 1, 2014 installment payment, causing the entire balance to become due.

On June 23, 2014, the Clerk issued a Writ of Execution upon the assets of Greenpower Services. Plaintiffs received answers to interrogatories from Garnishee Regions Bank indicating that it had in its possession $228.56. (ECF Nos. 13.1, 16.) On June 29, 2015, this Court granted Plaintiffs' Verified Motion to Appear for Examination under Oath, and ordered Greenpower Services's chief officer and registered agent, Matthew Layton, to appear for examination and answer questions related to Greenpower Services's ability to satisfy the Consent Judgment. The post-judgment deposition testimony of Mr. Layton reveals that Greenpower Services is insolvent.

Plaintiffs have been unable to collect the outstanding balance of $42,829.37. As mentioned above, Plaintiffs have filed a Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil. Plaintiffs seek to satisfy the Consent Judgment from the alleged alter ego of Greenpower Services—Greenpowerstl, LLC ("Greenpowerstl"). Both Greenpower Services and Greenpowerstl have been served with the instant motion. No response has been filed, and the time for filing a response has lapsed.

## FACTUAL FINDINGS

Mr. Layton holds 100% ownership interest in Greenpower Services, and is its sole member. Michael Lee is the company's license holder. Greenpower Services conducted its operations at an address on Shaw Avenue in St. Louis, Missouri. Mr. Layton was primarily responsible for estimating or bidding jobs, communicating with customers, ordering equipment and supplies, making hiring decisions, supervising the office and field employees, and managing day-to-day operations. The company used a 2003 Ford truck, which was co-owned by

Greenpower Services and Mr. Layton, and a 2003 Chevy truck, which was owned solely by Mr. Layton, and maintained a website and two email addresses.

In 2013, Greenpower Services became a signatory to, and bound by, the terms of the 2013 and all subsequent Inside Labor Agreements between Local 1, International Brotherhood of Electrical Workers ("Local 1") and the St. Louis Chapter, National Electrical Contractors Associations ("NECA"). According to Mr. Layton, Greenpower Services stopped performing electrical work sometime in either December 2013, or early 2014; however, no articles of termination have been filed with the Secretary of State. Mr. Layton sent a letter to Local 1, which was signed and dated on June 2, 2014, notifying Local 1 that "[Greenpower Services] will be terminating its relationship with [NECA] and [Local 1]." (Pls. Ex. F, ECF No. 21.7.) The letter also indicated that Greenpower Services had moved to a new address on Reber Place in St. Louis, Missouri. *Id.*

On June 30, 2014, Mr. Layton filed Articles of Organization with the Missouri Secretary of State, creating Greenpowerstl. Mr. Layton holds 100% ownership interest in Greenpowerstl, and he performs the same duties for Greenpowerstl that he did for Greenpower Services. Michael Lee is the company's license holder. Greenpowerstl conducts business at the same Reber Place address that Greenpower Services did, and it uses the same 2003 Ford truck, which is still co-owned by Greenpower Services and Mr. Layton. Greenpowerstl also uses the same hand tools, website, email addresses, insurance company, and office equipment that Greenpower Services used. Greenpowerstl has performed small residential electrical work, but intends to perform commercial electrical work as opportunities arise. During Mr. Layton's deposition, Plaintiffs' counsel asked him why Greenpowerstl was created, and he responded, "[s]o that I could form an electrical contracting company and continue on working as an electrician since

3

that's what I've been trained to do for 30 years…. I thought I would start a company, raise some money and pay off my debts." (Pls. Ex. B, ECF No. 21.3 at 4.)

## CONCLUSIONS OF LAW

This matter is governed by ERISA, 29 U.S.C. §§ 1132 and 1145, and by the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Jurisdiction and venue are proper.

"Under the LMRA, one business entity is the alter ego of another, and thus liable for its obligations, if the two are substantially identical in terms of ownership, management, supervision, business purpose, operations, customers, equipment, facilities and employees." *Greater St. Louis Constr. Laborers Welfare Fund v. Mertens Plumbing & Mech., Inc.*, 552 F. Supp. 2d 952, 955 (E.D. Mo. 2007) (citing *Woodline Motor Freight, Inc. v. NLRB*, 843 F.2d 285, 288-89 (8th Cir. 1988)). "Not all of the outlined factors need be identical." *Id.* "The focus of the labor law alter ego doctrine is on the existence of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement." *Greater Kan. City Laborers Pension Fund v. Superior Gen. Contractors, Inc.*, 104 F.3d 1050, 1055 (8th Cir. 1997) (internal quotation and citation omitted). "Under ERISA, one business entity is likewise the alter ego of another if the two exist independently in form only, and those separate forms are used as a subterfuge to defraud, to justify a wrong or to mislead or discourage pursuit of legal action." *Mertens Plumbing*, 552 F. Supp. 2d at 955 (citing *Kansas City Laborers*, 104 F.3d at 1055).

"In absence of a controlling federal statute, the district court has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." *H.H. Robertson Co., Cupples Prods. Div. v. V.S. DiCarlo Gen. Contractors, Inc.*, 994 F.2d 476, 477 (8th Cir. 1993) (citation omitted). The Eighth Circuit has "recognized the

4

availability of the creditor's bill in equity under Missouri Law." *Id.* The creditor's bill in equity assists creditors who seek "to enforce the payment of debts out of assets that cannot be reached by traditional means of execution on a judgment established in a suit at law." *Shockley v. Harry Sander Realty Co., Inc.*, 771 S.W.2d 922, 924 (Mo. Ct. App. 1989) (citations omitted). The Missouri alter ego standard applies to such claims. *See Mertens Plumbing*, 552 F. Supp. 2d at 955; *see also Mobius Mgmt. Sys., Inc. v. West Physician Search, LLC*, 175 S.W.3d 186, 189 (Mo. Ct. App. 2005).

Prerequisites to the issuance of a creditor's bill are the "existence of a judgment, the issuance of an execution against assets of the judgment debtor and a nulla bona return thereon." *Shockley*, 771 S.W.2d at 925. The fact that a corporation's alleged alter ego was not itself either a judgment debtor or a party in the original action is irrelevant. *See H.H. Roberston*, 994 F.2d at 478. "A creditor's bill is considered the equitable equivalent of garnishment on execution and is comparable to proceedings supplementary to and in aid of execution." *Shockley*, 771 S.W.2d at 925 (citation omitted).

Plaintiffs have established the necessary prerequisites to the issuance of a creditor's bill, as they have a judgment against Greenpower Services, they issued execution against its assets at Regions Bank, and they recovered only $228.56. Therefore, in order to prevail on their Motion, they must establish that Greenpowerstl is the alter ego of Greenpower Services.

Missouri law presumes that corporations are separate entities, and courts do not lightly disregard the corporate form to hold one corporation liable for the behavior of another. *See Mid-Missouri Tel. Co. v. Alma Tel.*, 18 S.W.3d 578, 582 (Mo. Ct. App. 2000). Missouri courts will allow a plaintiff to pierce the corporate veil if the plaintiff can establish:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to

5

the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Radaszewski v. Telecom Corp.*, 981 F.2d 305, 306 (8th Cir. 1992).

In determining whether one corporation exercised control over another to the extent necessary to pierce the corporate veil, the Court looks to a number of factors, including the ownership and creation of both corporations; the management of the corporations; the physical location of corporate offices; and the transfer of assets, contracts, and employees between the corporations. *Mertens Plumbing*, 552 F. Supp. 2d at 955-56 (citations omitted).

Here, Greenpower Services and Greenpowerstl are owned by the same individual, and they employ the same license holder. Both companies perform electrical contract work. Mr. Layton has the same responsibilities at Greenpowerstl that he had at Greenpower Services, including, among other things, managing daily business operations. Both companies are located at the same address, and Greenpowerstl uses the same 2003 Ford truck, hand tools, insurance company, website, email addresses, and office equipment that were used by Greenpower Services. Furthermore, Mr. Layton admitted that he formed Greenpowerstl so that he could continue working as an electrician. All these factors support a finding that Mr. Layton exercised control over both companies' business practices, and that the companies are independent in form only.

Plaintiffs have also shown that Mr. Layton's control caused Greenpower Services to breach its legal duty. Under its collective bargaining agreements with Local 1, Greenpower

Services had a legal duty to make contributions to benefit plans for each covered employee. Its failure to make those contributions resulted in a Consent Judgment against Greenpower Services in the amount of $43,057.93. Mr. Layton filed Articles of Organization for Greenpowerstl several days after the Clerk issued a Writ of Execution on the Judgment against the property and effects of Greenpower Services. The timing of Greenpowerstl's organization, viewed in light of the above facts, yields a strong inference that Greenpowerstl was organized in order to avoid payment of Greenpower Services's debts.

Finally, Plaintiffs have demonstrated that Mr. Layton's control of Greenpower Services's operations, and the breach of its legal duties, resulted in the Plaintiffs' inability to collect the total judgment owed.

In view of the foregoing, the Court concludes that Plaintiffs are entitled to a creditor's bill in equity, and that Plaintiffs may satisfy the $42,829.37 outstanding balance of the Consent Judgment against Greenpower Services from the assets of Greenposwerstl.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil (ECF No. 20) is **GRANTED**.


Dated this 20th day of October, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE